# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **RAMONE R. BRIGHT**, <br><br> Defendant. | Case No. 7:15-CR-19 (HL) |

## ORDER

Before the Court is Defendant Ramone R. Bright's Motion to Suppress Evidence (Doc. 30). The Court held a hearing on Defendant's Motion on April 13, 2016. For the reasons discussed herein, Defendant's Motion to Suppress is denied.

## I.  FACTS

At the hearing on Defendant's Motion, the Parties presented a Stipulation of Facts for the Court's consideration (Doc. 33). On January 5, 2015, United States Postal Inspector Jason Tabb contacted investigators at the Moultrie, Georgia Police Department concerning a suspicious package. Inspector Tabb discovered the package while conducting his ordinary and routine interdiction activities in the Tallahassee, Florida Main Post Office. Inspector Tabb brought the suspicious package to the United States Post Office in Moultrie, Georgia, where he was met by investigators and Sergeant Daniel Lindsey, a canine handler for the Moultrie Police Department. At the Post Office, Sergeant Lindsey

and his canine conducted a "blind" free air sniff of three packages, including the suspicious package. The canine gave a positive alert for narcotics on the suspicious package.

Based on the information available, including the positive alert by the canine, Investigator Chris Thompson of the Moultrie Police Department applied for a search warrant to open the package. The warrant was issued by Judge Traci Williams of the Magistrate Court of Colquitt County, Georgia. The package was opened and contained a vacuum-sealed solid white brick, which appeared to be cocaine, wrapped inside a shirt.

Following the discovery of the contents of the package, Investigator Eric Fries of the Moultrie Police Department applied for an anticipatory search warrant for the residence located at 208 6th Avenue SE, Moultrie, Georgia, 31768, where the package was to be received. The Affidavit and Application for the warrant stated that a controlled delivery of the suspicious package would be conducted with the assistance of Inspector Tabb, and that "[i]f custody of the package is taken by any occupant of the residence, this search warrant will be executed on the residence." An anticipatory search warrant was issued.

On January 5, 2015, Inspector Tabb dressed as a postal delivery person and took the package to 208 6th Avenue SE. Prior to delivery, Inspector Tabb added a signature requirement to the package, to ensure that the recipient would need to sign for the package. When Inspector Tabb knocked on the door, co-

Defendant Teresa Ann Griffin answered. Ms. Griffin signed for and took possession of the package at the entrance to the home, which was the door to the covered front porch of the residence. Ms. Griffin did not take the package further into the residence. Defendant was present at the time of delivery, but did not personally take possession of the package at any time. The package was never electronically scanned as "delivered" in the United States Postal Service system.

Once Ms. Griffin took possession of the package, the search warrant was executed. In addition to the cocaine in the package, law enforcement found marijuana, methamphetamine, suspected crack cocaine, prescription pills, digital scales, drug packaging material, and two handguns.

## II.    MOTION TO SUPPRESS STANDARD

Motions to suppress evidence present mixed questions of law and fact for the Court's determination. United States v. Tobin, 923 F.2d 1506, 1510 (11th Cir. 1991). "The individual moving for suppression of evidence bears the initial burden of persuading the court, through specific factual allegations and supporting evidence, that the evidence should be suppressed." United States v. Walker, 65 F.Supp.3d 1385, 1388 (M.D. Ga. 2014) (citing United States v. Ross, 827 F.Supp. 711, 716 (S.D. Ala. 1993)). Once the movant has established a basis for his motion, the burden shifts to the Government to prove by a

preponderance of the evidence that the search or seizure of evidence was legally and factually justified.  Id.  (citing Ross, 827 F.Supp. at 1389).

## III.   ANALYSIS

### A.   Search of the package

Defendant contends that the at-issue package was (1) illegally seized, because Inspector Tabb and various officers at the Moultrie Police Department lacked reasonable suspicion to detain the package; and (2) illegally searched, because nothing in the record establishes the reliability of Sergeant Lindsey and his drug detection dog, on whose alert the probable cause for a search of the package was based.  During the hearing held on this Motion, Defendant abandoned his argument that there was no probable cause for the search of the package.  Defendant's attorney explained that Defendant had been sufficiently convinced that Sergeant Lindsey and his canine were reliable.  The Court is left to consider whether Inspector Tabb and members of the Moultrie Police Department lacked reasonable suspicion of legal wrongdoing, such that the package was illegally seized.

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."  U.S. Const. amend. IV.  "The Supreme Court has held that no Fourth Amendment privacy interest in first-class mail is invaded by detaining such mail based on facts that create reasonable suspicion until a search warrant can be

4

obtained." United States v. Banks, 3 F.3d 399, 401 (11th Cir. 1993) (citing United States v. Van Leeuwen, 397 U.S. 249, 252–53 (1970)). The Supreme Court's holding in Van Leeuwen has been specifically applied to packages suspected of containing drugs. Id. at 402.

"Reasonable suspicion results from specific and articulable facts and rational inferences therefrom that reasonably justify an intrusion." Id. at 401. When determining whether "reasonable suspicion" exists, the Court must "look at the 'totality of the circumstances' of each case to see whether the detaining officer has a 'particularized and objective basis' for suspecting legal wrongdoing." United States v. Perkins, 348 F.3d 965, 970 (11th Cir. 2003) (quoting United States v. Arvizu, 534 U.S. 266, 273 (2002)). The court must permit "officers to draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them that 'might well elude an untrained person.'" Arvizu, 534 U.S. at 273 (citations omitted). However, "an 'inchoate and unparticularized suspicion' or 'hunch' of criminal activity is not enough to satisfy the minimum level of objectivity required." Perkins, 348 F.3d at 970.

In his Motion, Defendant contends that Inspector Tabb and officers of the Moultrie Police Department "lacked reasonable suspicion to seize the package because there were no specific and articulable facts that would warrant an intrusion in this case." (Mot. to Suppress, Doc. 30, p. 3). Defendant contests

5

some of the facts stated in the Affidavit and Application for the search warrant. The Affidavit and Application states that Inspector Tabb was suspicious of the package because the address to which it was being sent had received multiple packages within a short amount of time. Defendant notes that the at-issue package was set to be delivered during "the Christmas season," during which it is normal to receive many packages. Further, Defendant contests the Affidavit and Application's statement that Inspector Tabb was suspicious because the sender's address was a vacant parking lot. Defendant explains, "[t]here is no mention of whether the business listed as the sender of the package was a legitimate business or how the officers had a reason to believe the address referenced a parking lot – just mere speculation." (Mot. to Suppress, Doc. 30, p. 3).

The Government counters that Inspector Tabb and the Moultrie police officers did possess reasonable suspicion, based on the following specific and articulable facts:

1) The label on the package was hand-printed, which was unusual because the sender was a business and legitimate businesses generally use printed labels;

2) The origin city of the package, Los Angeles, is considered a source city for narcotics;

3) Inspector Tabb conducted a search and neither the sender of the package nor the recipient were associated with the addresses used

        on the package.  The package was addressed to John Bright, 208 6th Avenue SE, Moultrie, GA 31768 and had a return address of SJ Clothing, 238 S. Broadway, Los Angeles, CA 90031;

4)     The sender had waived the signature requirement on the express package, which Inspector Tabb found unusual; and,

5)     The taping on the package was unusually heavy for a package of its weight.

In his Motion, Defendant offers nothing to negate these facts.  Further, Defendant stipulated to these facts at the hearing on this Motion.  (Stip. of Facts for Consideration in Def.'s Mot. to Suppress, Doc. 33, ¶ 3).

    The Court finds that Inspector Tabb and the officers of the Moultrie Police Department have presented sufficient specific and articulable facts to establish that they reasonably suspected criminal activity associated with the at-issue package.  In reaching this conclusion, the Court considered the totality of the circumstances, including Inspector Tabb's experience and specialized training as an Inspector employed by the United States Post Office.  Accordingly, the Court finds that the seizure of the at-issue package was proper, and Defendant's Motion to Suppress the contents of the package is denied.

    **B.**     **Search of the Home**

    Defendant further argues that the search of his residence was illegal, because the triggering condition for the proper execution of the search warrant

never occurred. Defendant believes that the evidence seized as a result of the improper search should be suppressed.

"An anticipatory warrant is 'a warrant based upon an affidavit showing probable cause that at some future time (but not presently) certain evidence of crime will be located at a specified place.'" United States v. Grubbs, 547 U.S. 90, 94 (2006). "Most anticipatory warrants subject their execution to some condition precedent other than the mere passage of time—a so-called 'triggering condition.'" Id. These warrants become effective upon the happening of the triggering condition. United States v. Santa, 236 F.3d 662, 671 (11th Cir. 2000).

Defendant does not dispute that the occurrence of the triggering condition—that is, the acceptance of the package of cocaine by an occupant of the residence—would plainly establish probable cause for the search of his home. (See Mot. to Suppress, Doc. 30, pp. 4–6). Thus, if the triggering condition occurred, the search warrant was properly executed and the evidence seized should not be suppressed. Defendant also agrees that his co-Defendant, Teresa Griffin, "took possession of the package [containing cocaine] at the entrance door[,] which was the covered front porch of the residence." (Stip. of Facts for Consideration in Def.'s Mot. to Suppress, Doc. 33, ¶ 12).

Based on the concessions made by Defendant in his Motion and in the Stipulation of Facts, it appears to the Court that Defendant believes that Ms. Griffin's possession of the package at the entrance to the house did not trigger

8

the execution of the anticipatory search warrant. The Court disagrees. When Ms. Griffin took possession of the package at the door to the front porch of the home, the triggering condition was met, and the search warrant could be properly executed. Accordingly, the search of the house and seizure of the evidence inside was proper, and Defendant's Motion to Suppress the evidence seized in the house is denied.

## IV.   CONCLUSION

For the foregoing reasons, Defendant's Motion to Suppress (Doc. 30) is DENIED.

**SO ORDERED**, this the 19th day of April, 2016.

*/s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

les